# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PATRICK SHAW,

*et al.*,

      Plaintiffs,

  v.

ADVOCATE AURORA HEALTH, INC.,

*et al.*

      Defendants.

Case No. 2:24-cv-157-LA

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO COMPEL PRODUCTION OF CLAWED-BACK DOCUMENTS

Plaintiffs challenge a recent clawback by Defendants Advocate Aurora Health, Inc. and Aurora Health Care Inc. (together, "AAH") of inadvertently-produced documents subject to the attorney-client privilege (the "Communications"). On December 3, 2024, AAH notified Plaintiffs that it was clawing back several iterations of an email thread to redact a single sentence of one communication, which reflected confidential legal advice provided to several AAH employees regarding payor contracting. *See* Pls.' Mot. to Compel ("Mot.") (Dkt. 43), Exs. A, C. Plaintiffs argue that (1) the Communications do not contain privileged legal advice, and (2) any privilege was waived because the advice was disclosed to several employees in the Communications. Plaintiffs' arguments lack merit and the Motion should be denied.[1]

At the outset, the redacted portion of the Communications reflects legal advice being shared among several non-attorney employees relating to payor contracting. Contrary to Plaintiffs' contentions, "an attorney does not have to be a party to a communication for the attorney-client privilege to apply." *United States ex rel. Derrick v. Roche Diagnostics Corp.*, 2019 WL 10367991, at *2 (N.D. Ill. Oct. 8, 2019). Instead, communications between non-attorneys can be privileged where, as here, "they reflect the lawyer's thinking or are made for the purpose of eliciting the lawyer's professional advice or other legal assistance." *Gerba v. Nat'l Hellenic Museum*, 338 F. Supp. 3d 851, 857 (N.D. Ill. 2018) (citing *United States v. Leonard-Allen*, 739 F.3d 948, 953 (7th Cir. 2013)). Moreover, communications relaying legal advice between non-attorneys do not need to identify the specific attorney who provided that advice in the past. If such a communication reveals "directly or indirectly, the substance of a confidential attorney-client communication," then

---

[1] Contemporaneously with filing this Opposition, AAH is providing the privileged content included in the Communications to the Court for *in camera* review in a separate, sealed submission to aid the Court's consideration of the Motion. *See* Exhibit A to the Declaration of Anne Johnson Palmer dated Jan. 6, 2025 ("Palmer Decl."), filed herewith.

1

it is privileged. *In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 407, 433 (N.D. Ill. 2006).[2] The absence of an attorney on the Communications does not vitiate the attorney-client privilege.

Plaintiffs nonetheless argue that AAH has failed to meet its burden to demonstrate that the redacted portion of the Communications actually reflects legal advice that was sought from, and provided by, legal counsel. In mid-2022, two of the employees included in the Communications had sought legal advice from an in-house attorney at AAH regarding the same payor agreement described in the Communications. Palmer Decl. ¶ 2. The Communications—which occurred in April 2023, less than a year later and after AAH combined with another health system, Atrium Health ("Atrium")—include one of those same employees describing that earlier legal advice to other personnel responsible for payor contracting within the newly combined organization as negotiations continued with that same payor. *See* Mot., Ex. C at 2.[3] It is this privileged information that AAH redacted through its clawback notice. Palmer Decl., Ex. A.

This privilege was not waived when the author of the Communications shared counsel's prior legal advice with four employees who were not parties to the original communications with AAH's internal counsel. Plaintiffs claim, without any basis, that the responsibilities of those other individuals did not "directly concern" the subject matter implicated by the legal advice, which is payor contracting. *See* Mot. at 2-3. Not so. Each of these individuals had a hand in managing

---

[2] *See also In re Allergan plc Sec. Litig.*, 2021 WL 4121300, at *3 (S.D.N.Y. Sept. 9, 2021) ("We also see no particular need for the attorney's name to be revealed in the communication, or for that matter the privilege log, in order for the privilege to be maintained.").

[3] Plaintiffs suggest that AAH has somehow "blind side[d]" them by refusing to provide proof that the content redacted from the Communications reflected actual legal advice rather than speculation about what counsel might advise. *See* Mot. at 2; Ex. C at 2. The underlying documents reflecting the initial provision of this legal advice are privileged and so it is entirely proper for AAH to withhold those materials. The single decision Plaintiffs cite is not to the contrary and does not address any challenge to privilege assertions, but instead involved a party asserting new discovery objections for the first time in response to a motion to compel. *See Matthews v. Waukesha Cty.*, 2012 WL 695669, at *10-11 (E.D. Wis. Mar. 1, 2012).

relationships with payors. Palmer Decl. ¶ 4. Familiarity with both AAH's prior negotiations and current contracts were therefore necessary to discharge their corporate duties. These overlapping responsibilities for payor relationships are more than sufficient to prevent waiver. *See Evolve Biosystems, Inc. v. Abbott Labs.*, 2020 WL 14008059, at *4 (N.D. Ill. Oct. 23, 2020) (no waiver where employee disclosed legal advice to three colleagues who "shared responsibility for" assessing potential transaction).[4]

Finally, sharing legal advice between legacy AAH employees and legacy Atrium employees does not result in waiver. AAH and Atrium combined in a transaction that closed on December 2, 2022 and resulted in the creation of a new entity, Advocate Health, Inc. Mot., Ex. C at 2. Communications between legacy AAH and legacy Atrium employees after the transaction closed do not waive privilege. *Leybold-Heraeus Techs., Inc. v. Midwest Instrument Co., Inc.,* 118 F.R.D. 609, 613 (E.D. Wis. 1987) ("Disclosure of privileged information to related companies does not constitute a waiver of privilege"). Plaintiffs inaccurately contend that AAH's position is inconsistent with AAH's resistance to Atrium-related discovery requests, where AAH pointed to its lack of "geographic overlap or even proximity with" Atrium. Mot. at 3. The fact that AAH and Atrium have no geographic proximity has no bearing on whether they are now part of a combined, larger organization for purposes of assessing privilege. The communication AAH has clawed back plainly demonstrates that Atrium employees were in position to rely on legal advice shared by AAH. *See Evolve Biosystems,* 2020 WL 14008059, at *4. The Motion should be denied.

---

[4] The single case that Plaintiffs cite finding waiver provides no support for their position here. The defendants in *In re Local TV Advertising Antitrust Litig.* asserted privilege over documents widely disseminated to group distribution lists with unidentified recipients, and the defendants did not provide information regarding the members of this distribution list who received the documents. 2023 WL 5956851, at *20 (N.D. Ill. July 28, 2023). Each of the six employees involved in the Communications at issue here are identified along with their job titles. *See* Palmer Decl. ¶ 4.

3

Date: January 6, 2025

/s/ *Anne Johnson Palmer*
Daniel E. Conley
Nathan J. Oesch
QUARLES & BRADY LLP
411 East Wisconsin Avenue, Suite 2400
Milwaukee, WI 53202
Telephone: 414.277.5000
Fax: 414.271.3552
daniel.conley@quarles.com
nathan.oesch@quarles.com

Matthew Splitek, SBN 1045592
QUARLES & BRADY LLP
33 E Main St, Suite 900
Madison, WI 53703
Telephone: 608.251.5000
Fax: 608.251.9166
matthew.splitek@quarles.com

Jane E. Willis
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Telephone: 617.951.7000
Fax: 617.951.7050
jane.willis@ropesgray.com

Anne Johnson Palmer
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111
Telephone: 415.315.6300
Fax: 415.315.6350
anne.johnsonpalmer@ropesgray.com