# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

URIEL PHARMACY HEALTH AND WELFARE
PLAN, on their own behalf and on behalf of all
others similarly situated,

       Plaintiffs,

  v.

ADVOCATE AURORA HEALTH, INC. AND
AURORA HEALTH CARE INC.,

       Defendants.

Case No. 2:22-cv-610-LA

---

PATRICK SHAW; DEBRA SHAW; AND
HALEY SHAW, on their own behalf and on behalf
of all others similarly situated,

       Plaintiffs,

  v.

ADVOCATE AURORA HEALTH, INC. AND
AURORA HEALTH CARE INC.,

       Defendants.

Case No. 2:24-cv-157-LA

---

**DEFENDANTS' L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION FOR ENTRY OF A PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(c) TO PREVENT TESTIMONY ON CERTAIN FED. R. CIV. P. 30(b)(6) DEPOSITION TOPICS**

For two years, Defendants Advocate Aurora Health, Inc. and Aurora Health Care Inc. (together, "AAH") have engaged in a costly and comprehensive discovery process, producing 2.6 million pages of documents, responding to 62 written discovery requests, and producing 30 current or former employees for depositions.[1]  Yet just one month before the close of party discovery, Plaintiffs elected to serve Fed. R. Civ. P. 30(b)(6) deposition notices (the "Notices") that originally contained 41 different topics (the "Topics"). *See* Ex. A.[2]  Through an extended meet-and-confer process with Plaintiffs, AAH has agreed to produce a designee on non-cumulative topics for which Plaintiffs have provided the particularity required by Rule 30(b)(6).  *See* Exs. H; M; P.  But even after months of negotiations, seven of the Topics on which Plaintiffs continue to seek testimony are, in whole or in part, impermissibly overbroad, lack any particularity, are entirely duplicative of prior discovery, or seek irrelevant, privileged information.  AAH therefore seeks a protective order on the Topics as described below.  *See* Fed. R. Civ. P. 26(c); L.R. 7(h).

*First,* Topic 1 and portions of Topics 9 and 17 fail to provide the reasonable particularity that Rule 30(b)(6) mandates.  *See* Ex. P, 1-2, 4-5, 7-8.[3]  Topic 1 is a prime example: even as purportedly narrowed, Plaintiffs still seek testimony on AAH's negotiations with six different payors over a two-decade period, with respect to four separate provisions at the time of the entry, modification, or termination of the agreements.  *Id.* at 1-2.  Despite already having deposed each member of AAH's managed care contracting group during the relevant period, Plaintiffs refuse to

---

[1] *See* Paragraph 2 of the Declaration of Anne Johnson Palmer dated Sept. 19, 2025 ("Palmer Decl."), filed concurrently herewith.
[2] The massive overbreadth of the 41 original topics, and even the 19 remaining Topics, is particularly evident when considering the parties' agreement in the case management order to a 14-hour limit on Plaintiffs' 30(b)(6) depositions of Defendants. *Shaw* ECF 23, at 10.  It is unclear how Plaintiffs expect to cover even the remaining overly broad topics in the time allotted.
[3] In Ex. P, 1-9, AAH further describes the Topics at issue in this motion and the relief sought.  AAH will provide discovery or a witness on any portions of these Topics that are not in dispute.

1

particularize this Topic with specific dates or instances of negotiations. Instead, Plaintiffs continue to demand that an AAH designee memorize two decades of negotiations and be prepared to answer open-ended questions. The same flaws permeate portions of Topics 9 and 17, which seek broad testimony regarding competition and unspecified communications with regulators about M&A transactions that are not the subject of Plaintiffs' claims. *See id.* at 4-5, 7-8. AAH cannot "reasonably prepare a witness to be questioned" on these sweeping Topics, and the Court should enter a protective order prohibiting testimony on them. *See United States ex rel. Patzer v. Sikorski Aircraft Corp.*, No. 11-C-0560, 2022 WL 784522, at *3 (E.D. Wis. Mar. 15, 2022) (Adelman., J.) (denying motion to compel due to "overbreadth" of 30(b)(6) topic seeking testimony on contracts spanning a 30-year period); *Smithkline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 WL 116082, at *9 (N.D. Ill. Jan. 24, 2000) ("[T]he recipient of a Rule 30(b)(6) request is not required to have its counsel muster all of its factual evidence to prepare a witness to be able to testify regarding a defense or claim.").

*Second*, Topics 4, 9(b), 12, and 13 seek testimony that is outside the scope of AAH's "institutional knowledge," cumulative, unduly burdensome, and disproportionate to the needs of the case. These topics retread ground covered extensively in the 30 fact witness depositions of current and former AAH employees.[4] In lieu of preparing a live witness, AAH proposed extensive designations of deposition testimony to serve as AAH's institutional position on these Topics—a mechanism that Plaintiffs had previously expressed a willingness to consider. *See* Ex. H, 3-5, 7-8. But upon seeing the designations, Plaintiffs backtracked and provided pretextual rationales for demanding live testimony or additional designations from AAH. Ex. L, 3-5. In short, Plaintiffs

---

[4] For instance, Topic 9(b) seeks testimony on the "identity of [AAH's] competitors," about which Plaintiffs have already questioned witnesses at length, as evidenced by AAH's proposal to designate testimony from six depositions in lieu of preparing a representative. *See* Ex. H, 5.

2

seek testimony on Topics about which they have "already exhausted the knowledge of the relevant [individuals]," which is improper use of Rule 30(b)(6). *See, e.g.*, *Patzer*, 2022 WL 784522, at *3. Seeking "personal knowledge of easily identified individuals" and "discovery of the specific facts surrounding the events identified" in the Notices "is not the type of information that Rule 30(b)(6) is intended to address." *TL Constr. Mgmt., LLC v. City of Green Bay*, No. 19-C-1077, 2020 WL 7698374, at *2 (E.D. Wis. Dec. 28, 2020); *see also Doxtator v. O'Brien*, No. 19-C-137, 2020 WL 3893992, at * 2 (E.D. Wis. July 10, 2020) (denying Rule 30(b)(6) testimony where plaintiffs had already deposed the "fact witness with direct personal knowledge of the events in question").

*Finally*, Plaintiffs belatedly added Topic 19 on August 8, 2025.[5] Topic 19 seeks irrelevant and privileged testimony on the steps "taken to collect and produce documents responsive to the plaintiffs' document requests…including [AAH's] identification of potential sources of responsive documents and [AAH's] decisions on whether or not to search such sources." *See* Ex. K, 3; Ex. P, 8-9. This Topic is improper discovery-on-discovery with no justification other than Plaintiffs' baseless and speculative assertions, and it invades AAH's attorney-client privilege and the work product protection. *See Bombardier Recreational Prods., Inc. v. Arctic Cat, Inc.*, No. 12-CV-2706 (MJD/LIB), 2014 WL 10714011, at *15 (D. Minn. Dec. 5, 2014) (rejecting 30(b)(6) topic seeking testimony on document collection and production as seeking irrelevant and privileged material); *see also LKQ Corp. v. Kia Motors Am., Inc.*, 345 F.R.D. 152, 163 (N.D. Ill. 2023) (recognizing that "[m]ere speculation about missing evidence is insufficient to allow discovery on discovery").[6]

---

[5] Plaintiffs noticed Topic 19 after the July 14 deadline to notice depositions, weeks after first serving the Notices, and after AAH had agreed to a limited extension of the deadline for AAH's 30(b)(6) deposition in reliance upon the parties' discussions. Palmer Decl. ¶ 11; *Shaw* ECF 68.

[6] Plaintiffs attempt to justify this Topic through mere speculation that additional responsive materials may exist. But three witnesses have already testified that the documents Plaintiffs seek *do not exist*. Ex. K, 2-3. Further efforts to justify this Topic on the grounds that additional sources of responsive material may exist are likewise baseless. *See id.* at 3.

Date: September 19, 2025               /s/ *Daniel E. Conley*
                                       Daniel E. Conley
                                       Nathan J. Oesch
                                       QUARLES & BRADY LLP
                                       411 East Wisconsin Avenue, Suite 2400
                                       Milwaukee, WI 53202
                                       Telephone: 414.277.5000
                                       Fax: 414.271.3552
                                       daniel.conley@quarles.com
                                       nathan.oesch@quarles.com

                                       Matthew Splitek, SBN 1045592
                                       QUARLES & BRADY LLP
                                       33 E Main St, Suite 900
                                       Madison, WI 53703
                                       Telephone: 608.251.5000
                                       Fax: 608.251.9166
                                       matthew.splitek@quarles.com

                                       Jane E. Willis
                                       ROPES & GRAY LLP
                                       Prudential Tower, 800 Boylston Street
                                       Boston, MA 02199-3600
                                       Telephone: 617.951.7000
                                       Fax: 617.951.7050
                                       jane.willis@ropesgray.com

                                       Anne Johnson Palmer
                                       ROPES & GRAY LLP
                                       Three Embarcadero Center
                                       San Francisco, CA 94111
                                       Telephone: 415.315.6300
                                       Fax: 415.315.6350
                                       anne.johnsonpalmer@ropesgray.com