# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

URIEL PHARMACY HEALTH AND WELFARE
PLAN, on their own behalf and on behalf of all
others similarly situated,

        Plaintiffs,

    v.

ADVOCATE AURORA HEALTH, INC. and
AURORA HEALTH CARE INC.,

        Defendants.

Case No. 2:22-cv-610-LA

---

PATRICK SHAW; DEBRA SHAW; and HALEY
SHAW, on their own behalf and on behalf of all
others similarly situated,

        Plaintiffs,

    v.

ADVOCATE AURORA HEALTH, INC. and
AURORA HEALTH CARE INC.,

        Defendants.

Case No. 2:24-cv-157-LA

---

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' CIVIL L. R. 7(H) EXPEDITED
NON-DISPOSITIVE MOTION TO COMPEL DEFENDANTS TO REPRODUCE
CORPORATE WITNESS TO TESTIFY ON DEFENDANTS' COMMUNICATIONS
WITH FEDERAL AND STATE AUTHORITIES**

Defendants Advocate Aurora Health, Inc. and Aurora Health Care, Inc. ("AAH") presented an adequately prepared corporate representative to testify on Topic 17: AAH's "***communications and interactions***" with the U.S. Department of Justice ("DOJ") during the course of a Civil Investigative Demand ("CID") concerning AAH's payor contracting. Plaintiffs seek to eviscerate any fair reading of Topic 17—and, critically, the parties' prior negotiations regarding its scope—based on several mischaracterizations of the record. Plaintiffs sought to use the Rule 30(b)(6) deposition of Mr. Brzozowski for an entirely improper purpose: demanding detailed explanations about the meaning, intent, and bases for specific language included in presentations in February 2021 and January 2022 that AAH's outside counsel made to the DOJ (the "Presentations"). The appropriate method for seeking this information is through contention interrogatories—a compromise that AAH recently proposed, and that Plaintiffs rejected, choosing instead to burden the Court with this Motion to Compel (the "Motion"). The Motion should be denied.

***Plaintiffs' Questions Were Improper for a 30(b)(6) Deposition***. The parties agreed that Topic 17 would address AAH's "communications" with the DOJ, but now Plaintiffs seek more: testimony on AAH's legal positions, including the "bases" for statements in the Presentations. Mot. at 3. Their Motion omits several key facts. At no point during months of negotiations did Plaintiffs suggest that they sought testimony on the "bases" for the Presentations. Palmer Decl. ¶¶ 4-12 & Exs. 2-7; Declaration of Jamie Crooks ("Crooks Decl."), ECF No. 185, at Exs. A-D. Plaintiffs did not even identify the Presentations as material they intended to use at the deposition, despite AAH's repeated requests that Plaintiffs identify materials beforehand. *Id.* Plaintiffs also wrongly claim that Mr. Brzozowski delivered the January 2022 Presentation, ignoring that AAH's outside counsel delivered that Presentation. *See* Crooks Decl. Ex. E at 118:20-25.

Had Plaintiffs made clear their true intentions for Topic 17, AAH would have responded

that a 30(b)(6) deposition is not the proper vehicle for that discovery. Worse, the Motion incorrectly depicts Plaintiffs' questions as only seeking testimony about the "bases" for the Presentations. Plaintiffs repeatedly quizzed Mr. Brzozowski about the minutiae of individual bullet points within the Presentations, including what AAH meant when it included words like "broad" and "significant," why the word "entirely" was underlined when AAH explained that it voluntarily had chosen to amend its payor contracts, and what the specific grounds were for AAH's statement that it was not a "must-have" system. *See, e.g.*, Crooks Decl. Ex. E at 70:2-71:13, 96:24-97:11; 134:21-135:2; 167:16-168:14. Interrogating AAH's designee in detail about the content of Presentations that its outside counsel wrote and presented is improper territory for a 30(b)(6) deposition. Plaintiffs' questions were no different than asking a corporate representative what a corporation's attorney meant during closing argument in a prior action. A corporate representative does not necessarily have knowledge about counsel's preparation, and inquiry into that subject matter invades the work product protection. Indeed, this Court has recognized that inquiry into an "opposing party's legal position" is properly sought via "a contention interrogatory or a request for admission," *not* a Rule 30(b)(6) deposition. *United States ex rel. Patzer v. Sikorsky Aircraft Corp.*, No. 11-C-0560, 2022 WL 784522, at *3 (E.D. Wis. Mar. 15, 2022) (Adelman, J.).[1]

In an effort to resolve this dispute, once AAH learned during the course of the deposition what Plaintiffs actually sought, AAH offered to answer contention interrogatories or requests for admission to obviate the need for this Motion. Palmer Decl. ¶ 15. Plaintiffs summarily rejected that offer, despite having previously used interrogatories to obtain the same type of discovery.[2]

---

[1] *See also Smithkline Beecham Corp. v. Apotex*, 2000 WL 116082, at *9 (N.D. Ill. Jan 24, 2000) (entity "is not required to have its counsel muster all of its factual evidence to prepare a witness").
[2] The *Uriel* Plaintiffs previously served two contention interrogatories requesting information on the basis for statements in the Presentations. Palmer Decl. Ex. 1 at Interrogatories 6–7. Plaintiffs have provided no reason why similar interrogatories would not suffice here.

2

Mot. at 3 n.3; Crooks Decl. Ex. H.  Their Motion also ignores the fact that Plaintiffs received in

*February 2024* the materials that AAH had produced to the DOJ, Palmer Decl. ¶ 2, which Mr.

Brzozowski confirmed are the documents that he understood would support the statements AAH

made to the DOJ, Crooks Decl. Ex. E at 124:8-23.  On top of that, Plaintiffs have now deposed

another designee on why AAH had amended its payor contracts during the period when the DOJ

investigation was occurring (an area Plaintiffs also emphasize in the Motion).  Palmer Decl. ¶ 16.

Through all of these means, Plaintiffs have had ample opportunity to obtain the information they

seek.  Instead, the Motion demands the impossible: that AAH present a witness who is prepared

to testify to "granular information" from the nearly 620,000 pages of documents produced to DOJ,

*id.* ¶ 2, which "transform[s] the deposition into an improper 'memory test.'"  *loanDepot.com, LLC*

*v. CrossCountry Mortg., LLC*, 2023 WL 2263243, at *1 (S.D.N.Y. Feb. 27, 2023).[3]

   ***Plaintiffs' Questions Went Far Beyond the Scope of Topic 17.***  Mr. Brzozowski was

adequately prepared to testify to the agreed-upon scope of Topic 17.  Fairly understood, Topic 17

encompassed the actual communications that AAH had with DOJ concerning the CID, including

when and how the communications occurred and who was involved.  To the extent Plaintiffs

sought to explore that, Mr. Brzozowski adequately addressed this Topic with knowledge available

to the organization, including with respect to the Presentations.  Mr. Brzozowski identified the

timeline relevant to the DOJ communications, the types of communications that occurred, and the

participants in preparing and giving the Presentations—in other words, his testimony addressed

the "communications and interactions" with the DOJ.  *See, e.g.*, Crooks Decl. Ex. E at 39:5-41:6;

118:16-121:4.  There is no basis to compel further testimony from AAH on Topic 17.

---

[3] *See Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, 2017 WL 9400671, at *2 (S.D.N.Y. Apr. 27, 2017) ("[A] Rule 30(b)(6) deposition should not be a 'memory contest' of topics better suited to a written response . . . .").

Date: October 27, 2025            /s/ *Daniel Conley*

Daniel E. Conley
Nathan J. Oesch
QUARLES & BRADY LLP
411 East Wisconsin Avenue, Suite 2400
Milwaukee, WI 53202
Telephone: 414.277.5000
Fax: 414.271.3552
daniel.conley@quarles.com
nathan.oesch@quarles.com

Matthew Splitek, SBN 1045592
QUARLES & BRADY LLP
33 E Main St, Suite 900
Madison, WI 53703
Telephone: 608.251.5000
Fax: 608.251.9166
matthew.splitek@quarles.com

Jane E. Willis
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Telephone: 617.951.7000
Fax: 617.951.7050
jane.willis@ropesgray.com

Anne Johnson Palmer
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111
Telephone: 415.315.6300
Fax: 415.315.6350
anne.johnsonpalmer@ropesgray.com

4